**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | 2: 11-cr-00053 |
| v. | ) | 2: 14-cv- 0173 |
| | ) | |
| MICHELLE JIMENEZ | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 1001) filed by Michelle Jimenez. The government has filed a response in opposition, with an attached copy of the plea agreement between Jimenez and the United States. The motion is ripe for disposition.

Factual and Procedural Background

On March 1, 2011, a federal grand jury returned a one-count indictment which charged Jimenez and eight co-Defendants with conspiracy to distribute one kilogram or more of heroin from June 2009 through February 2011. On July 15, 2011, the government filed a three-count superseding indictment which named a total of eighteen Defendants. In addition to the heroin conspiracy at Count 1, Jimenez was charged at Count 2 of the superseding indictment with money laundering, from March 2009 through April 2011, along with her boyfriend, Terrald Bennett.

On October 15, 2012 Jimenez entered a plea of guilty to Count 2 of the Superseding Indictment (money laundering). The heroin conspiracy charge against Jimenez was dismissed.

In the written plea agreement, Jimenez agreed, inter alia, to voluntarily forfeit two luxury automobiles, money seized from two PNC Bank safe deposit boxes ($15,205.00 and $72,330.00, respectively) and $6,602.09 in cash seized from the home of Jimenez and Bennett. Jimenez also agreed in the plea agreement that she would waive her right to take either a direct appeal or a collateral appeal under 28 U.S.C. § 2255. The Court conducted an extensive colloquy to determine that the guilty plea entered by Jimenez, including the waiver of her right to file a collateral appeal pursuant to § 2255 was knowing and voluntary.

The Probation Office prepared a Presentence Investigation Report which determined the guideline sentencing range for Jimenez to be 18-24 months of imprisonment. On February 8, 2013 the Court varied downward from the advisory guideline range and sentenced Jimenez to 42 months of probation, with the first nine months to be served on home detention, with a fine of $42,000. Jimenez was asked if she wished to file an appeal, but declined to do so.

On February 7, 2014 Jimenez filed the pending § 2255 motion. Jimenez seeks relief from her conviction and sentence due to alleged ineffective assistance of counsel for not fighting the heroin conspiracy charge. Jimenez contends that she was afraid of losing her son; that she never understood what was really going on; and that she did not realize that she had an opportunity to file a direct appeal.

In opposing Bennett's motion, the government contends that Jimenez knowingly and voluntarily waived her right to file a § 2255 motion in the plea agreement. The government contends that this waiver should be enforced, despite the contrary Formal Opinion 2014-100 issued by the Pennsylvania Bar Association Legal Ethics and Professional Responsibility Committee. In sum, the government reasons that the ethics opinion is advisory-only; that waivers of claims of ineffective assistance of counsel were upheld and enforced in *United States*

*v. Mabry*, 536 F.3d 231 (3d Cir. 2008); and that this Court properly verified that the waiver by Jimenez was knowing and voluntary. In the alternative, the government contends that her claims are without merit because her attorney was not ineffective.

The Court need not address the ethics opinion because it is convinced that Jimenez received professional and effective legal representation. Indeed, her § 2255 petition is based on a fundamental misunderstanding. Jimenez accuses her attorney of failing to introduce evidence of her innocence on the heroin conspiracy charge. This was <u>not</u> ineffective, for at least two reasons: (1) there was no trial, and therefore the opportunity for counsel to present evidence never materialized; and (2) the heroin conspiracy charge against Jimenez was <u>dismissed</u> as part of the plea agreement. Nowhere in the § 2255 petition does Jimenez dispute the validity of her guilty plea regarding the money laundering charge. The Court further notes that counsel for Jimenez was successful in convincing the Court to grant a substantial downward variance at sentencing, such that she was able to avoid imprisonment entirely. In conclusion, Jimenez has not established any grounds to vacate, set aside or correct her conviction or sentence. Counsel was not ineffective and her constitutional rights were fully protected. There is no need for an evidentiary hearing.

In accordance with the foregoing, Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 1001) is **DENIED**.

A certificate of appealability pursuant to 28 U.S.C. § 2253 will not be issued.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | 2: 11-cr-00053 |
| v. ) | 2: 14-cv- 0173 |
| ) | |
| **MICHELLE JIMENEZ** ) | |

**ORDER OF COURT**

AND NOW this 10th day of April, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 1001) filed by Michelle Jimenez is **DENIED**.

Civil Action No. 14-173 shall be docketed closed. No certificate of appealability shall issue.

BY THE COURT;

s/ Terrence F. McVerry
Senior United States District Judge

cc:
    Gregory Nescott, AUSA

    Michelle Jimenez
    49 The Circle
    Glen Head, NY 11545
    (via US Mail)